[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTIONS FOR CONTEMPT (DOCKET ENTRY #112)
FOR MODIFICATION (DOCKET ENTRY #114 AND #116)
A decree of dissolution of the parties' marriage was entered CT Page 7390 on December 10, 1982 (Ottaviano, J.). The defendant was personally served with a copy of the summons and complaint, application for rule to show cause re: custody and exclusive use of the family home and order for alimony thereon on April 10, 1981. He did not appear. At the time of the decree, the defendant was employed at the American Steak House, Boston Post Road in Milford. (See military affidavit signed by Patricia Affie, a secretary in plaintiff's attorney's office). The defendant remained so employed at the American Steak House at least until January 12, 1983.
At the time of the decree, the plaintiff was receiving assistance from the State of Connecticut. Also at that time the defendant was working as a short order chef at an hourly rate of $4.75 per hour. His average gross pay was $265.00 and a net pay of $230.00 to $235.00. On the basis of those earnings and the group medical insurance then in effect for his family with the Aetna through his employer, the court ordered support in the amount of $35.00 per week per child and Blue Cross-Blue Shield and Major Medical Insurance, or their equivalent, as available through his employment for the benefit of the minor children. (emphasis supplied)
Since the date of the decree, except for payments totalling $80.00 as evidenced by defendant's exhibit 1, the defendant has paid nothing to the plaintiff by way of support.
It is difficult to understand the defendant's position with regard to his nonpayment. He first maintained that he knew nothing about this matter, yet he had been personally served with the papers as previously noted. The customary notice was contained in these papers and certainly made clear to the defendant that he should take action. While the defendant attended school through the ninth grade and subsequently received his GED high school equivalency, he chose to take no action. He next maintained that he did not know of the court's order, yet he admitted that he received notice from the State of Connecticut and by certified mail from the plaintiff or her attorney. His obligation to the state was satisfied in 1987. (See docket entry #108)
In March 1983, the plaintiff married. It was at that time that she was no longer receiving assistance from the State of Connecticut. In the spring of 1983, she met with the plaintiff and advised him of the court's orders for support. Payments were made by the defendant in the amount of $10.00 per week for the first two weeks and then $15.00 per week for four weeks from May 7, 1983 to June 10, 1983. The defendant made no further payments of support claiming that the plaintiff had denied him permission to see the children. CT Page 7391
The defendant next claims that he received a letter from the plaintiff stating he no longer had to pay support. Plaintiff denies having sent such a letter and the defendant is unable to produce such a letter, yet he could provide receipts for money sent in May and June 1983.
Finally the defendant claims he did not know he was obligated to support his children. The law so requires and ignorance of the law is no excuse. There is nothing in the law to suggest that the obligation of a parent to support his child, according to his ability, is subject to a condition precedent of a formal demand. That obligation is ongoing, and does not require the trigger of a request by the person who is shouldering that responsibility. Favrow v. Vargas, 222 Conn. 699, 717 (1992).
The court orders required payment of $3,640.00 per year. The defendant is a licensed over the road truck driver and short order cook. At the time of the decree is net take home pay was $235.00 per week. He has worked every year since the date of the decree. He is in good health. He is 39 years of age. His daughter is now 17 and his son will be 13 on August 11. He has not seen the children since 1980. In 1991 the defendant earned $8,500.00. In 1990 he earned $15,000.00. In 1989 he earned $28,000.00. During all of the period from the date of the decree, the defendant had the ability to pay.
The defendant claims laches on the part of the plaintiff and equitable estoppel. The court finds no notification by the plaintiff to the defendant that she no longer wished to received support and, therefore, finds no equitable estoppel. As to the claim of laches, the court finds the plaintiff did not know of the defendant's whereabouts until he came forward as a result of the publication of the plaintiff's legal notice in her probate court proceedings to remove the defendant as natural guardian in steps to have the plaintiff's husband adopt the children. The court does not, therefore, find laches on the plaintiff's part.
The plaintiff claims five years of paid medical bills for the children, $500.00 per year or $2,500.00. She claims also that for five years she and her husband paid for medical insurance for the family in an amount of $4,000.00 per year. She claims one half that amount for the two children, $2,000.00 per year for 5 years or $10,000.00, and claims these amounts had to be paid by her because the defendant failed to abide by the court's orders regarding medical insurance.
The defendant has testified that medical insurance has not been available through his employment and that no such coverage is available to truck drivers. The decree ordered the defendant CT Page 7392 to maintain such coverage as available to him through his employment. The court, therefore, does not find contempt on this issue.
The court finds as follows:
1. The defendant has and has had the ability to pay the court ordered support.
2. Except for payments of $80.00 in 1983, the defendant has paid no further support to the plaintiff.
3. There has been no inexcusable delay by the plaintiff in presenting this claim.
4. There is no basis for the doctrine of equitable estoppel.
5. The failure of the defendant to abide by the terms of the court's decree regarding support has been wilful and intentional.
6. The arrearage for the period from March 1983, the date of the plaintiff's remarriage to July 31, 1992 after credit for $80.00 paid, amounts to $34,420.00.
7. The defendant is in contempt.
With regard to the two motions for modification, these motions are filed pursuant to the provisions of 46b-86 (a) of the General Statutes. The defendant's financial affidavit shows gross earnings of $203.05. His work with B D Produce is very sporadic. He may work one, two or three days a week driving to Florida, West Virginia, or Pennsylvania delivering produce. The defendant himself admits that he is capable of earning more money. He says he has solicited other accounts and looked for other work without success. The court finds that the defendant has an earning capacity of at least $210.00 net per week. The court finds, therefore, that there has been no substantial change since the date of the decree and denies both motions for modification.
The court orders that the defendant shall purge himself of his contempt by immediately paying $70.00 per week to the plaintiff by way of support on the current order and $5.00 per week on the arrearage. On April 20, 1993 the amount of support for Monica shall be terminating and at that time the defendant shall pay $40.00 per week on the arrearage until August 11, 1997 when Sean shall become 18. The defendant shall thereafter continue to pay $75.00 per week to the plaintiff until the arrearage is fully paid. A failure on the defendant's part to comply with the foregoing orders to purge himself of his contempt CT Page 7393 may, after hearing with regard to the same, result in the defendant's incarceration.
EDGAR W. BASSICK, III, JUDGE